# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# AKRON DIVISION

| | |
|---|---|
| CHRISTOPHER J. VOLKERT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00504 |
| VALENTINE & KEBARTAS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHRISTOPHER J. VOLKERT ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of VALENTINE & KEBARTAS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a portion of the events that gave rise to this action occurred within the Northern District of Ohio.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in the Northern District of Ohio.

5. Defendant "provides collection services to public and private sector clients."[1] Defendant is a limited liability corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Ohio. Defendant's principal place of business is located at 15 Union Street, No. 6, Lawrence, Massachusetts 01840.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Credit One Bank.

8. Plaintiff used his Credit One Bank credit card to purchase varies personal and household goods.

9. Around December 2020, Plaintiff began receiving calls to his cellular phone, (234) XXX-1358, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1358. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://valentineandkebartas.com/

11. Defendant has called Plaintiff using various phone numbers, including but not limited to (463) 209-6535 and (463) 209-6435.

12. Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

13. During answered calls, Plaintiff has been subjected to a noticeable pause, before being connected to a live representative.

14. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

15. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting him and explained that he could not afford to make a payment.

16. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

17. Despite Plaintiff's efforts and financial situation, Defendant has continued to regularly call his cellular phone up until the filing of this lawsuit.

18. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

19. Furthermore, Defendant falsely stated that it sent Plaintiff the written correspondence that he requested in the mail, yet Plaintiff has not received such correspondence from Defendant.

20. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling

and after he explained that he is unable to make a payment. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands and financial situation was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

34. Defendant further violated § 1692e and e(10) when it falsely stated that it had already sent Plaintiff a written correspondence regarding the subject debt, when in fact it had not. Defendant engaged in this false and deceptive conduct in an effort to convince Plaintiff that he was not entitled

to further information regarding the subject debt despite Defendant's requirements that such information be provided in writing.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

    d. **Violations of FDCPA § 1692g**

37. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

38. Defendant violated § 1692g by failing to provide the written information requested by Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

39. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTOPHER J. VOLKERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

43. Upon information and belief, given the nature of the calls Plaintiff received from Defendant, Defendant's phone system has the capacity to store numbers, and dial those numbers, absent meaningful human intervention.

44. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demand that it cease contacting him.

45. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of his demands to cease calling, Defendant unlawfully continued placing unwanted collection calls to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place numerous calls to his cellular phone.

WHEREFORE, Plaintiff, CHRISTOPHER J. VOLKERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 3, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com